UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA | ) |
| | ) |
|     PLAINTIFF | ) |
| | ) |
| V. | ) NO. 3:13cv766-RHW |
| | ) |
| U-SAVE AUTO RENTAL OF AMERICA, INC., | ) |
| FRANCHISE SERVICES OF NORTH AMERICA, | ) |
| INC., THOMAS P. McDONNELL, III, AND | ) |
| SANFORD MILLER | ) |
| | ) |
|     DEFENDANTS | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE ORDER STAYING CASE**

*Relief sought in motion to lift stay*.  Defendant U-Save Auto Rental of America, Inc. (U-Save) requests that the court vacate the text order entered on 28 July 2014 staying this case since the underlying civil action (U-Save Auto Rental of America, Inc. v. Miller, No. 3:13cv127-LG-JMR (S.D. Miss.)) has been resolved, and since it appears continued litigation in the above captioned civil action will be necessary to resolve the issues regarding the insurer's contractual obligation to pay defense costs under the EPL policy.

*Facts*.

U-Save is an insured under the Assurance Company of America (ACOA) policies at issue in this civil action.

Counsel for ACOA transmitted an email to the court on 15 September 2014 reading in part:

> Judge Walker,
>
> As you know, there is a telephonic status conference set for the above referenced case for September 16, 2014, at 10:30 a.m. The parties are in agreement, pending your approval, that the telephonic status conference should be cancelled in light of the fact that the

Underlying Case (U-Save Auto Rental of America, Inc. v. Miller; Case Number 3:13-cv-00127-LG-LMR) has settled. The parties are in agreement that there are no remaining coverage issues regarding the CGL policy to be litigated in the above referenced case. ***Questions regarding payment of defense costs under the EPL policy are being resolved by counsel, and the parties believe these questions can be resolved without assistance of the Court.*** Once these questions have been resolved, the parties will submit an order of dismissal to close the above referenced case. (Emphasis supplied.)

*See* exhibit 1, p. 1 to this memorandum.

On 16 September 2014, counsel for U-Save requested an accounting from ACOA of money paid under the EPL policy in payment of or reimbursement of the insureds' costs of defense (attorneys' fees, expenses, and costs) in the U-Save Auto Rental of America, Inc. v. Miller, No. 3:13cv127-LG-JMR (S.D. Miss.) civil action.  See exhibit 1, p. 2 to this memorandum.  On the same day, counsel for ACOA responded to the request for an accounting writing:  "John, we will pass your inquiry on, but we are not engaged with respect to the EPL and will not be responding. Ned"  See exhibit 1, p. 3 to this memorandum.  Counsel for U-Save replied demanding the accounting by 22 September 2014.  See exhibit 1, p. 4 to this memorandum.  ACOA failed to provide the requested accounting by 22 September 2014.

*Conclusion.*  ACOA has assumed an uncooperative posture regarding resolving the questions concerning payment of defense costs under the EPL policy despite ACOA's counsel's report to the court dated 15 September 2014 which suggested that the questions could be resolved by counsel for the parties without court intervention.  Based on ACOA's current position, continued litigation in this matter will be required to resolve the questions regarding payment of defense costs under the EPL policy, and the stay of proceedings in this matter should be lifted to allow the required litigation, including the filing of a motion

for leave of court to file a supplemental answer setting up a counterclaim for breach of the insurance contract and bad faith. *See* <u>Enniss Family Realty I v. Schneider Nat. Carriers</u>, 916 F. Supp. 2d 702, 717 (S.D. Miss. 2013)(purpose of Rule 15(d), "is to promote as complete an adjudication of the dispute between the parties as is possible"), *citing* 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1504 (3d ed.); <u>Bankers Life v. Crenshaw</u>, 483 So. 2d 254, 276 (Miss. 1985)(insurer has duty "to tell the insured, its customer, the plain truth"); <u>Gallagher Basset Services, Inc. v. Jeffcoat</u>, 887 So. 2d 777, 790, ¶54 (Miss. 2004) (Carlson, J., dissenting)(insurer owes four basic duties to its insured: tell insured the plain truth; give equal consideration to insured's interests; not using claim adjustment process to find way to deny claim; not delaying adjustment of claim); <u>Valley Forge Ins. Co. v. Strickland</u>, 620 So. 2d 535, 538-40 (Miss. 1993)(filing of declaratory judgment action by insurer does not insulate insurer from insured's claims of breach of contract and bad faith).

Respectfully submitted,

U-SAVE AUTO RENTAL OF AMERICA, INC.

/s/ John B. Gillis

_____

JOHN B. GILLIS
MISSISSIPPI BAR NO. 8694

JOHN B. GILLIS
ATTORNEY-AT-LAW
POST OFFICE BOX 185
WATER VALLEY, MISSISSIPPI 38965-0185
(662) 816-5991
jbgillis@johngillislaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 23 September 2014, I electronically filed this document with the clerk of the court using the ECF system which presumably sent notification of such filing to the following person:

Ned Currie, Esquire
ncurrie@curriejohnson.com
William C. Griffin, Esquire
bgriffin@curriejohnson.com
Jimmy Boone, Esquire
jboone@curriejohnson.com
Currie, Johnson, Griffin, Gaines & Myers, P.A.
Post Office Box 750
Jackson, Mississippi 39205-0750

O. Stephen Montagnet, III
smontagnet@mmqlaw.com
McCraney, Montagnet, Quin & Noble, PLLC
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157.

/s/ John B. Gillis

_____

JOHN B. GILLIS